ALEXANDER B. TRUEBLOOD (WA Bar No. 50612)
TRUEBLOOD LAW FIRM
1700 Seventh Ave, Suite 2100
Seattle, Washington 98101-1360
Telephone: (206) 707-9685
Facsimile: (206) 832-4676

Attorneys for Plaintiffs
ONI and RYAN PARSONS

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

SEATTLE DIVISION

| | |
|---|---|
| ONI PARSONS, and RYAN PARSONS,<br><br>            Plaintiffs,<br><br>     vs.<br><br>HOW ADJUSTMENT SERVICE, INC., and GLOBAL CREDIT UNION,<br><br>            Defendants. | Case No: 2:19-CV-1762<br><br>**COMPLAINT FOR:**<br><br>**(1) VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**(2) VIOLATIONS OF THE WASHINGTON CONSUMER PROTECTION ACT**<br><br>**(3) VIOLATIONS OF THE UNIFORM COMMERCIAL CODE** |

Plaintiffs Oni Parsons and Ryan Parsons hereby complain against defendants How Adjustment Service, Inc. ("How Adjustment"), and Global Credit Union ("GCU"), and and allege as follows:

## OPERATIVE FACTS

1. On or about February 14, 2019, plaintiff Oni Parsons purchased a used Nissan Quest from Maxx Autos Plus in Puyallup, Washington, which she intended to use primarily for personal, family, or household purposes. Plaintiff and the dealership entered into a written agreement entitled "Retail Installment Sale Contract Simple Finance Charge," which granted the dealership a security interest in the vehicle, and provided for installment payments on the amount financed. The dealership then assigned this contract, including the security interest, to defendant GCU.

2. GCU alleged that plaintiff Oni Parsons defaulted on her payments, and hired defendant How Adjustment to repossess the vehicle.

3. On or about September 11, 2019, a tow truck driver employed by How Adjustment arrived unannounced at plaintiffs' home. Plaintiff Ryan Parsons immediately objected to the repossession and told the tow truck driver not to repossess the vehicle. The tow truck driver refused, and said he was taking the car anyway. Mr. Parsons told the tow truck driver he was trespassing and to leave immediately. The tow truck driver still refused to leave, and then backed up into plaintiffs' retaining wall, damaging it.

4. Mr. Parsons called the police. The police arrived at the scene, and the vehicle was eventually taken into How Adjustment's possession.

5. Due to the foregoing conduct, defendants breached the peace during the repossession of the vehicle, in violation of the Uniform Commercial Code, RCW § 62A.9A-609(b)(2).

## JURISDICTION AND VENUE

6. The court has original jurisdiction over this matter pursuant to 15

U.S.C. § 1692k(d) and 28 U.S.C. § 1331.  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.  The court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in the Western District of Washington because a substantial part of the events or omissions giving rise to the claim occurred in this district, and defendant How Adjustment is headquartered in this district.

## PARTIES

8. Plaintiff Oni Parsons is a natural person over the age of 18 years and is a resident of Puyallup, Washington.

9. Plaintiff Ryan Parsons is a natural person over the age of 18 years and is a resident of Puyallup, Washington.

10. Defendant Global Credit Union is a Washington credit union with its headquarters in Spokane, Washington.

11. Defendant How Adjustment Service, Inc. is a Washington corporation with its headquarters in Bellevue, Washington.

## FIRST CAUSE OF ACTION
(By All Plaintiffs Against Defendant How Adjustment for Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.).

12. Plaintiffs realleges and incorporate herein by reference the allegations of all paragraphs above.

13. Plaintiff Oni Parsons is a "consumer" who allegedly owed a "debt," and defendant is a "debt collector," as those terms are defined at 15 U.S.C. § 1692a. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

14. Defendant violated 15 U.S.C. § 1692f(6) by taking nonjudicial action to effect dispossession or disablement of property when (1) there was no present right to possession of the property claimed as collateral through an enforceable security interest; and/or (2) the property was exempt by law from such dispossession or disablement.

15. Defendant had no present right to repossess the vehicle in breach of the peace, but did so in violation of RCW § 62A.9A-609(b)(2).

16. Plaintiffs are entitled to actual damages sustained as a result of defendants' conduct, in an amount according to proof, pursuant to 15 U.S.C. § 1692k.

17. Plaintiffs are entitled to statutory damages of $1,000 against each defendant, pursuant to 15 U.S.C. § 1692k.  Defendant has frequently and persistently failed to comply with the FDCPA, and has violated the FDCPA intentionally.  The nature of defendant's violations justifies the maximum statutory damages award available.

18. Plaintiffs are entitled to the costs of the action, together with a reasonable attorneys fee, pursuant to 15 U.S.C. § 1692k.

WHEREFORE, plaintiffs pray for relief as set forth below.

**SECOND CAUSE OF ACTION**
**(By All Plaintiffs Against All Defendants For Violations Of The Washington Consumer Protection Act, RCW § 19.86.910 et seq)**

19. Plaintiffs reallege and incorporate herein by reference the allegations of all paragraphs above.

20. Defendants committed unfair methods of competition and/or unfair or deceptive acts or practices, in the conduct of any trade or commerce, and therefore violated RCW § 19.86.020.

21. Defendants' acts were injurious to the public interest within the meaning of RCW 19.86.093.

22. Plaintiffs were injured in their business or property by defendants' violations of RCW 19.86.020, and are therefore entitled to injunctive relief, actual damages, and attorneys fees and costs, pursuant to RCW § 19.86.090.

23. In addition to actual damages, plaintiffs are entitled to treble damages not exceeding $25,000, pursuant to RCW § 19.86.090.

WHEREFORE, plaintiffs pray for relief as set forth below.

## THIRD CAUSE OF ACTION
### (By Plaintiff Oni Parsons Against Defendant GCU for Violations of the Uniform Commercial Code)

24. Plaintiffs reallege and incorporate herein by reference the allegations of all paragraphs above.

25. Defendant GCU violated RCW § 62A.9A-609 by breaching the peace during the repossession.

26. Plaintiff is entitled to recover her actual damages caused by GCU's failure to comply with the Uniform Commercial Code, pursuant to RCW 62A.9A-625(b) and (c)(1).

27. Plaintiff is entitled to recover the credit service charge plus ten percent of the principal amount of the obligation, pursuant to RCW 62A.9A-625(c)(2).

WHEREFORE, plaintiff prays for relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray for the following relief:

1. For actual damages;
2. For statutory damages;
3. For treble damages;
4. For a declaration that defendant GCU did not comply with Article 9 of the UCC in connection with the repossession;
5. For pre-judgment interest to the extent permitted by law;
6. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and
7. For such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury under the United States and Washington constitutions.

Dated:  October 30, 2019   Respectfully Submitted,

TRUEBLOOD LAW FIRM

By:   /s *Alexander B. Trueblood*
      Alexander B. Trueblood

Attorneys for Plaintiffs
ONI and RYAN PARSONS

5

COMPLAINT                    Trueblood Law Firm, 1700 7th Ave., Suite 2100, Seattle, WA 98101; (206) 707-9685