Honorable Barbara J. Rothstein

Bruce K. Medeiros
DAVIDSON BACKMAN MEDEIROS PLLC
1550 Bank of America Financial Center
601 West Riverside Avenue
Spokane, Washington  99201
(509) 624-4600

Attorney for Global Credit Union

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| **UNI PARSONS** and **RYAN PARSONS**,<br><br>                          Plaintiffs,<br><br>    v.<br><br>**HOW ADJUSTMENT SERVICE, INC.**,<br>and **GLOBAL CREDIT UNION**,<br><br>                        Defendants. | No. **CV-19-01762-MLP**<br><br>**GLOBAL CREDIT UNION'S ANSWER TO FIRST AMENDED COMPLAINT FOR (1) VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT; (2) VIOLATIONS OF THE WASHINGTON CONSUMER PROTECTION ACT; AND (3) VIOLATIONS OF THE UNIFORM COMMERCIAL CODE** |
| **GLOBAL CREDIT UNION**,<br><br>                  Cross-claim Plaintiff,<br><br>    v.<br><br>**HOW ADJUSTMENT SERVICE, INC**.,<br><br>                Cross-claim Defendant. | **WITH COUNTERCLAIM AGAINST UNI PARSONS AND**<br><br>**WITH CROSS-CLAIM AGAINST HOW ADJUSTMENT SERVICE, INC.** |

Defendant Global Credit Union ("<u>Global</u>"), by and through its counsel Bruce

K. Medeiros of Davidson Backman Medeiros PLLC, answers Plaintiffs', Uni and

Ryan Parsons, First Amended Complaint for (1) Violations of the Fair Debt

Collection Practices Act; (2) Violations of the Washington Consumer Protection

Page 1
Answer to Amended Complaint with
Counterclaim and Crossclaim
Global/Parsons/WIP.sa

DAVIDSON  BACKMAN  MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

Act; and (3) Violations of the Uniform Commercial Code ("Amended Complaint")

as follows:

### [ALLEGED] OPERATIVE FACTS

1.      Admit that Plaintiff Uni Parsons purchased a 2016 Ford Fusion

("Vehicle") from Maxx Autos Plus ("Seller") in Puyallup, Washington and that

Plaintiff and Seller entered into a "Retail Installment Sale Contract Simple

Finance Charge" ("Contract").  Admit that the Seller assigned the Contract to

Global.  The remaining allegations of paragraph 1 are denied.  Also denied to the

extent that the allegations of paragraph 1 set forth legal conclusions to which no

response is required, but to the extent a response is required, such allegations

are denied, and to the extent that such allegations seek to characterize the

provisions of a document that speaks for itself and must be read as a whole.

2.      Admit that Plaintiff Uni Parsons defaulted on her obligations under

the Contract by failing to make the required payments when due, and Global

retained How Adjustment Service, Inc. ("How Adjustment") as an independent

contractor to locate and repossess the Vehicle in accordance with applicable law.

3.      Global lacks sufficient knowledge and information to form a belief as

to the truth of the allegations of paragraph 3, and therefore denies the same.

4.      Global lacks sufficient knowledge and information to form a belief as

to the truth of the allegations of paragraph 4, and therefore denies the same.

Page 2
Answer to Amended Complaint with
Counterclaim and Crossclaim
Global/Parsons/WIP.sa

DAVIDSON  BACKMAN  MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

5.     Global lacks sufficient knowledge and information to form a belief as to the truth of the allegations of paragraph 5, and therefore denies the same. Also denied to the extent that the allegations of paragraph 5 set forth legal conclusions to which no response is required, but to the extent a response is required, such allegations are denied.

## JURISDICTION AND VENUE

6.     Admit that this Court could have jurisdiction if it is determined that the Plaintiffs actually have a claim upon which relief can be granted that falls under the jurisdiction and venue of this Court, which is not certain at this point. The remaining allegations of paragraph 6 are denied.

7.     Admit that venue would be proper in this Court if it is determined that the Plaintiffs actually have a claim upon which relief can be granted that falls under the jurisdiction and venue of this Court, which is not certain at this point.  The remaining allegations of paragraph 7 are denied.

## PARTIES

8.     Global lacks sufficient knowledge and information to form a belief as to the truth of the allegations of paragraph 8, and therefore denies the same.

9.     Global lacks sufficient knowledge and information to form a belief as to the truth of the allegations of paragraph 9, and therefore denies the same.

10.     Admit.

Answer to Amended Complaint with
Counterclaim and Crossclaim
Global/Parsons/WIP.sa

DAVIDSON  BACKMAN  MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

11.    Global lacks sufficient knowledge and information to form a belief as to the truth of the allegations of paragraph 11, and therefore denies the same.

## [ALLEGED] FIRST CAUSE OF ACTION
### (By All Plaintiffs Against Defendant How Adjustment for Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.)

12.    Global incorporate its responses to the preceding paragraphs and allegations as if fully set forth herein.

13.    Deny.  Also denied to the extent that the allegations of paragraph 13 set forth legal conclusions to which no response is required, but to the extent a response is required, such allegations are denied.

14.    Deny.  Also denied to the extent that the allegations of paragraph 14 set forth legal conclusions to which no response is required, but to the extent a response is required, such allegations are denied.

15.    Deny.  Also denied to the extent that the allegations of paragraph 15 set forth legal conclusions to which no response is required, but to the extent a response is required, such allegations are denied.

16.    Deny.  Also denied to the extent that the allegations of paragraph 16 set forth legal conclusions to which no response is required, but to the extent a response is required, such allegations are denied.

17.    Deny.  Also denied to the extent that the allegations of paragraph 17 set forth legal conclusions to which no response is required, but to the extent a

Answer to Amended Complaint with
Counterclaim and Crossclaim
Global/Parsons/WIP.sa

DAVIDSON  BACKMAN  MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

response is required, such allegations are denied.

18.    Deny.  Also denied to the extent that the allegations of paragraph 18 set forth legal conclusions to which no response is required, but to the extent a response is required, such allegations are denied.

### [ALLEGED] SECOND CAUSE OF ACTION
**(By All Plaintiffs Against All Defendants for Violations of the Washington Consumer Protection Act, RCW § 19.86.910 et seq)**

19.    Global incorporate its responses to the preceding paragraphs and allegations as if fully set forth herein.

20.    Deny.  Also denied to the extent that the allegations of paragraph 20 set forth legal conclusions to which no response is required, but to the extent a response is required, such allegations are denied.

21.    Deny.  Also denied to the extent that the allegations of paragraph 21 set forth legal conclusions to which no response is required, but to the extent a response is required, such allegations are denied.

22.    Global lacks sufficient knowledge and information to form a belief as to the truth of the allegations of paragraph 22, and therefore denies the same. Also denied to the extent that the allegations of paragraph 22 set forth legal conclusions to which no response is required, but to the extent a response is required, such allegations are denied.

23.    Deny.  Also denied to the extent that the allegations of paragraph 23

Page 5
Answer to Amended Complaint with
Counterclaim and Crossclaim
Global/Parsons/WIP.sa

DAVIDSON  BACKMAN  MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

set forth legal conclusions to which no response is required, but to the extent a response is required, such allegations are denied.

## [ALLEGED] THIRD CAUSE OF ACTION
### (By Plaintiff Uni Parsons Against Defendant GCU for Violations of the Uniform Commercial Code)

24.    Global incorporate its responses to the preceding paragraphs and allegations as if fully set forth herein.

25.    Deny.  Also denied to the extent that the allegations of paragraph 25 set forth legal conclusions to which no response is required, but to the extent a response is required, such allegations are denied.

26.    Deny.  Also denied to the extent that the allegations of paragraph 26 set forth legal conclusions to which no response is required, but to the extent a response is required, such allegations are denied.

27.    Deny.  Also denied to the extent that the allegations of paragraph 27 set forth legal conclusions to which no response is required, but to the extent a response is required, such allegations are denied.

## [PLAINTIFFS'] PRAYER FOR RELIEF

1.-7.  Denied.

## [PLAINTIFFS'] DEMAND FOR JURY TRIAL

Global does not demand a trial by jury.

Page 6
Answer to Amended Complaint with
Counterclaim and Crossclaim
Global/Parsons/WIP.sa

DAVIDSON  BACKMAN  MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

## GLOBAL'S AFFIRMATIVE DEFENSES

WHEREFORE, having fully answered the Amended Complaint, Global pleads the following separate and distinct affirmative defenses:

1.     Except as specifically admitted or stated herein, Global denies each and every allegation contained in the Amended Complaint.

2.     The Plaintiffs have failed to mitigate its damages, if any.

3.     Global reserve the right to claim, if appropriate, that the Plaintiffs' claims are barred in whole or in part by applicable statutes of limitation and by the doctrines of waiver, laches, acquiescence and/or ratification.

4.     Plaintiffs' Amended Complaint fails to state a claim upon which the relief sought by Plaintiffs in its Amended Complaint could be granted.

5.     There is no dispute that Plaintiff Uni Parsons defaulted on her obligation to make the payments required by the Contract.  Therefore she was in default of the Contract and Global was entitled to pursue its remedies under the Contract and applicable law, including, but not limited to the recovery of the Vehicle in accordance with the Contract and applicable law.  Global retained How Adjustment, as an independent contractor, to repossess the Vehicle pursuant to applicable law and turn the Vehicle over to Global for sale pursuant to applicable law.  Global did not authorize or engage How Adjustment to commit any acts in breach of the peace or otherwise in violation of applicable law, as alleged by

Page 7
Answer to Amended Complaint with
Counterclaim and Crossclaim
Global/Parsons/WIP.sa

DAVIDSON  BACKMAN  MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

Plaintiffs, during the course of recovery of the Vehicle.  Global did not breach the peace as alleged by Plaintiffs and Global has fully complied with applicable law as to initiating recovery of the Vehicle and disposition of its collateral.  There is no basis in fact or applicable law for Plaintiffs to impute actions of How Adjustment during the recovery of the Vehicle to Global for purposes of the Plaintiffs' claims as set forth herein.  In its agreement with How Adjustment for recovery of the Vehicle, Global did not and would not instruct or authorize How Adjustment to take any actions in the course of recovering the Vehicle that could be in any way construed as a breach of the peace, including, but not limited to the action Plaintiffs claim How Adjustment took as described in the Amended Complaint.  To the extent that it is found that How Adjustment violated applicable law during its repossession of the Vehicle, such actions of How Adjustment that are the basis of such a finding were beyond the scope of the terms of Global's agreement with How Adjustment for recovery of the Vehicle and Global is not liable to Plaintiffs for any damages resulting from such conduct of How Adjustment.  It is also likely that the alleged actions of How Adjustment's employee(s) in conducting the repossession of the Vehicle, as described by Plaintiffs in the Amended Complaint would be found to be Ultra Vires as to How Adjustment and its operating guidelines.

6.     Global is not a "debt collector" as that term is defined in 15 U.S.C.

Answer to Amended Complaint with
Counterclaim and Crosscriminal
Global/Parsons/WIP.sa

DAVIDSON  BACKMAN  MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

Section 1692a.

7.      Global is entitled to a setoff for any amounts owed to Global by Plaintiff Uni Parsons under the Contract, or any other agreements and applicable law.

8.      Discovery is continuing in this matter and may disclose the existence of facts supporting further and/or additional affirmative defenses or claims. Global reserves the right to seek leave of Court to amend its answer and affirmative defenses and to raise such additional affirmative defenses and/or avoidances, and/or counterclaims, and/or third party claims as may be established during discovery and by the evidence in this case.

**GLOBAL'S COUNTERCLAIM AGAINST PLAINTIFF UNI PARSONS**

Global Credit Union, as Counterclaim Plaintiff hereby asserts the following counterclaim against Uni Parsons as the Counterclaim Defendant and, in support thereof, respectfully alleges as follows:

**I.      PARTIES, JURISDICTION, AND VENUE**

1.1      <u>Counterclaim Plaintiff Global</u>.  At all times material hereto, Global has been and is a credit union organized and existing pursuant to the laws of the United States of America and the State of Washington, having paid all annual license fees and dues required by law.  Global's principal place of business is in Spokane County, Washington.

Page 9
Answer to Amended Complaint with
Counterclaim and Crosssclaim
Global/Parsons/WIP.sa

DAVIDSON  BACKMAN  MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

1.2   Counterclaim Defendant Uni Parsons.   Uni Parsons is a natural person over the age of 18 years and is a resident of Puyallup, Washington and has appeared in this matter.

1.3   This Court has supplemental jurisdiction over the counterclaim of Global against Uni Parsons, as set forth herein pursuant to 28 U.S.C. § 1367. Venue in this Court is proper because a substantial part of the events or omissions giving rise to the counterclaim of Global occurred within territorial limits of this Court and based upon the residency of Uni Parsons and the terms of the agreements between Global and Uni Parsons.

## II.   GLOBAL'S FIRST CAUSE OF ACTION
### Complaint for Money Due Against Plaintiff Uni Parsons

2.1   Global realleges and incorporates by reference its Answer to the Amended Complaint as if set forth fully herein.

2.2   The Contract provided for Uni Parsons to make monthly payments to Global of $280.82 on or before the last day of each month, absent default.  Uni Parsons defaulted on her obligations under the Contract, including failing to make the required payments when due.

2.3   After recovery of the Vehicle, liquidation of the Vehicle and application of the net proceeds from liquidation of the Vehicle, in accordance with the Contract and applicable law, the remaining amount due to Global from Uni

Page 10
Answer to Amended Complaint with
Counterclaim and Crossclaim
Global/Parsons/WIP.sa

DAVIDSON  BACKMAN  MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

Parsons under the Contract is $7,589.62.

**GLOBAL'S PRAYER FOR RELIEF AGAINST PLAINTIFF UNI PARSONS ON ITS COUNTERCLAIM**

WHEREFORE, having answered the Amended Complaint and set forth its affirmative defenses and counterclaim thereto, Global prays for judgment against the Plaintiffs granting the following relief:

1.     That the Plaintiffs take nothing on their Amended Complaint and that all relief sought therein be denied and this case be dismissed with prejudice.

2.     That Global have judgment against the Plaintiff Uni Parsons for the sum of $7,589.62, together with post-judgment interest thereon at the Contract rate or applicable statutory rate.

3.     Awarding Global its reasonable attorney's fees, costs, and expenses on any basis as allowed by the Contract, law, equity, or otherwise.

4.     Awarding such other relief to Global as the Court deems just, necessary, equitable, and/or proper.

**GLOBAL'S CROSS-CLAIM AGAINST DEFENDANT HOW ADJUSTMENT**

Global hereby asserts the following cross-claim against Defendant How Adjustment and, in support thereof, respectfully alleges as follows:

**III.     PARTIES, JURISDICTION, AND VENUE**

3.1     <u>Cross-claim Plaintiff Global</u>.  At all times material hereto, Global has

DAVIDSON  BACKMAN  MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

been and is a credit union organized and existing pursuant to the laws of the United States of America and the State of Washington, having paid all annual license fees and dues required by law.  Global's principal place of business is in Spokane County, Washington.

3.2    Cross-claim Defendant How Adjustment.  At all times material hereto, How Adjustment is a Washington corporation with headquarters in Bellevue, Washington.

3.3    This Court has supplemental jurisdiction over the cross-claims of Global against How Adjustment, as set forth herein pursuant to 28 U.S.C. Section 1367.  Venue in this Court is proper because a substantial part of the events or omissions giving rise to the cross-claims of Global occurred within territorial limits of this Court and based upon the principal place of business of How Adjustment.

### IV.    GLOBAL'S FIRST CAUSE OF ACTION
### Against Cross-claim Defendant How Adjustment

4.1    Global realleges and incorporates by reference its Answer to the Amended Complaint as if set forth fully herein.

4.2    On or about August 8, 2016, Cross-claim Plaintiff, Global, entered into a Repossession Management Services Agreement with How Adjustment (the "Repossession Agreement").

Answer to Amended Complaint with
Counterclaim and Crossclaim
Global/Parsons/WIP.sa

DAVIDSON  BACKMAN  MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

4.3    Pursuant to the Repossession Agreement How Adjustment agreed to "indemnify and save Global Credit Union and save harmless from and against any and all claims, damages, losses and actions including court costs, reasonable attorney fees and other expenses of litigation, resulting from or arising out of this account … ."

4.4    To the extent Plaintiffs are awarded any relief as to Global on their claims set forth in the Amended Complaint, any and all damages awarded to the Plaintiffs against Global would be the result of the conduct of How Adjustment as described in the Amended Complaint, and Global would be entitled to the recovery of a judgment against How Adjustment in the equivalent amount of such damages based on the indemnification provision in the Repossession Agreement, and on any other applicable law.

## GLOBAL'S PRAYER FOR RELIEF AGAINST HOW ADJUSTMENT

WHEREFORE, Cross-claim Plaintiff Global prays for judgment as follows:

1.    For judgment against How Adjustment in favor to Global, in an amount to be proven at trial, but no less than the amount of any damages awarded to Plaintiffs against Global, including any attorney's fees and costs awarded to Plaintiffs against Global.

2.    For an award of Global's reasonable costs, expenses and attorney fees incurred as to its defense of Plaintiffs' claims and as to the recovery of

Page 13
Answer to Amended Complaint with
Counterclaim and Crossclaim
Global/Parsons/WIP.sa

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

judgment against How Adjustment.

    3.      For such other relief as may be just and equitable.

DATED this 6th day of December 2019.

                        DAVIDSON BACKMAN MEDEIROS PLLC

                        */s/ Bruce K. Medeiros*
                        Bruce K. Medeiros, WSBA No. 16380
                        *Attorney for Global Credit Union*

**VERIFICATION**

I, Cami Nelson, on behalf of Global Credit Union, hereby declare that I am a representative of Global Credit Union the Cross-claim Plaintiff in the above entitled matter, that I have read the foregoing "Answer To First Amended Complaint For (1) Violations Of The Fair Debt Collection Practices Act; (2) Violations Of The Washington Consumer Protection Act; and (3) Violations Of The Uniform Commercial Code With Counter-Claim Against Uni Parsons and With Cross-Claim Against How Adjustment Service, Inc." and that I believe the same to be true and accurate to the best of my knowledge.

Dated this 6th day of December 2019.

                        Global Credit Union

                        By: Cami Nelson
                        Its: Special Credits Officer

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

## DECLARATION OF SERVICE

I hereby declare that on December 6, 2019 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Alexander B. Trueblood
Trueblood Law Firm
1700 Seventh Avenue, Suite 2100
Seattle, Washington 98101
*Attorneys for Uni and Ryan Parsons*
Via email to: alec@hush.com

Betsy A. Gillaspy
Gillaspy & Rhode, PLLC
821 Kirkland Avenue, Suite 200
Kirkland, Washington 98033
*Attorneys for How Adjustment Service, Inc.*
Via email to: bgillaspy@gillaspyrhode.com

DATED this 6th day of December 2019.


_/s/ Tara J. Nichols_
Tara J. Nichols

Page 15
Answer to Amended Complaint with
Counterclaim and Crossclaim
Global/Parsons/WIP.sa

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600